CASE NO. 2:11-CV-10248 CAS
CASE NO. 2:06-bk-15911-PC
ADVERSARY CHAPTER 7
CASE NO. 2:09-AP-01834-PC

**IN THE UNITED STATE DISTRICT**

**FOR THE CENTRAL DISTRICT OF THE CALIFORNIA**

---

**Re: LORECE WRIGHT**

**Debtor,**

**ANTHONY WRIGHT AND LORECE WRIGHT**

**Plaintiff,**

**vs.**

**LES WILSON, an individual, and TRUSTEE of the WILSON FAMILY TRUST, MICHELLE WILSON an individual, and TRUSTEE of the WILSON FAMILY TRUST, A TRUST, LDW INVESTMENT I, LP, MRA FUNDING, INC., a Corporation, QUICKFIX INVESTMENT, LLC a Limited Liability Company Does 1-10**

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA**
**HONORABLE PETE CARROLL, JUDGE**

---

# APPELLEES BRIEF

---

LAW OFFICES OF PETER F. MUSIELSKI
PETER F. MUSIELSKI State Bar No. 82486
1801 Parkcourt Place, Building I, Suite 104
Santa Ana, California 92701
musielskilaw@yahoo.com Telephone (714) 558-1773 Fax (714) 558-0179
For Appellees

**The Appellees are**: Les Wilson an individual, and Trustee of the Wilson Family Trust, Michelle Wilson an individual and Trustee of the Wilson Family Trust, LDW Investment I, LP, MRA Funding, Inc., Quickfix Investment, LLC (hereinafter known as the "Wilson Appellees")

Law Offices of
PETER F. MUSIELSKI
1801 Parkcourt Place
Building I, Suite 104
Santa Ana, CA 92701
State Bar No. 82486
musielskilaw@yahoo.com

Telephone (714) 558-1773
Facsimile (714) 558-0179

Attorney For Appellees

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF THE CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re: LORECE WRIGHT<br><br>Appellant/Debtor, | ) **CASE NO. 2:11-CV-10248 CAS**<br>) **CASE NO. 2:06-bk-15911-Pe**<br>) **ADVERSARY CHAPTER 7**<br>) **CASE NO. 2:09-ap-01834-PC** |
| ANTHONY WRIGHT and LORECE WRIGHT,<br><br>Appellants/Debtors,<br><br>vs<br><br>LES WILSON, an individual, and TRUSTEE of the WILSON FAMILY TRUST, MICHELLE WILSON an individual, and TRUSTEE of the WILSON FAMILY TRUST, A TRUST, LDW INVESTMENT I, LP, MRA FUNDING, INC., a Corporation, QUICKFIX INVESTMENT,LLC a Limited Liability Company Does 1-10<br><br>Appellees | )<br>) **Before: Honorable Judge**<br>) **CHRISTINA A. SNYDER**<br>)<br>)<br>) APPELLEES' BRIEF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **DATE: N/A**<br>) **TIME: N/A**<br>) **PLACE: Courtroom 5**<br>) **2nd Floor**<br>) |

Appellees file the APPELLEES' BRIEF as follows:

APPELLEES, Les Wilson an individual, and Trustee of the Wilson Family Trust, Michelle Wilson an individual and Trustee of the Wilson Family Trust, LDW Investment I LP, MRA Funding Inc., Quickfix Investment LLC, (hereinafter known as the "WILSON APPELLEES").

The WILSON APPELLEES, file a single consolidated Brief in response to the Appeal filed by Lorece Wright, and Anthony Wright for case Nos. CASE NO. 2:11-CV-10248 CAS. Appellate CASE NO. 2:11-CV-10267 CAS, is a related case, in which these Appellees are not a party.

Dated: October 24, 2012 LAW OFFICES OF PETER F. MUSIELSKI

PETER F. MUSIELSKI, Attorney for Appellees

# CERTIFICATION OF INTERESTED PARTIES

The undersigned certifies that the following parties have an interest in the outcome of this Appeal. The representations are made to enable Judges of the District Court to evaluate possible disqualification or requsal.

1. Lorece Wright
2. Anthony Wright
3. Les Wilson an individual, and Trustee of the Wilson Family Trust,
4. Michelle Wilson an individual and Trustee of the Wilson Family Trust,
5. LDW Investment I, LP,
6. MRA Funding, Inc.,
7. Quickfix Investment, LLC
8. Bayview Loan Services, LLC (Related Case)

Dated: October 24, 2012 LAW OFFICES OF PETER F. MUSIELSKI

PETER F. MUSIELSKI, Attorney for Appellees

**CERTIFICATE OF RELATED CASES**

I PETER F. MUSIELSKI, certify that Wright vs. Bayview etc., 2:11-CV-10267-CAS, United Sates District Court for the Central District of California is being heard on Appeal, with this Appeal, in the above reference Court and the Opening Brief was due on October 1, 2012, and Appellees Brief is due on November 1, 2012.

Dated: October 24, 2012 LAW OFFICES OF PETER F. MUSIELSKI

PETER F. MUSIELSKI, Attorney for Appellees

# CERTIFICATE OF PAGE COUNT AND WORD COUNT

The Appellees' Brief is less than thirty (30) pages and the word count is 5,035 words.

Dated: October 24, 2012

LAW OFFICES OF PETER F. MUSIELSKI

PETER F. MUSIELSKI, Attorney for Appellees

# TABLE OF CONTENTS

CERTIFICATION OF INTERESTED PARTIES .......... 3

CERTIFICATE OF RELATED CASES .......... 4

CERTIFICATE OF PAGE COUNT AND WORD COUNT .......... 5

SCOPE OF APPELLEES RESPONSE .......... 11

QUESTIONS PRESENTED .......... 11

I. INTRODUCTION .......... 12

II. ARGUMENT .......... 15

A. THIS COURT LACKS JURISDICTION TO HEAR THE APPEAL SINCE THE BANKRUPTCY COURT LOST JURISDICTION AS A RESULT OF THE TRUSTEE ABANDONING THE REAL PROPERTY ASSETS OF THE ESTATE, IN 2007 AND 2008 .......... 15

B. THE NOTICE OF APPEAL FROM THE SUMMARY JUDGMENT ENTERED ON MARCH 31, 2011 IS NOT TIMELY AND THEREFORE THIS APPEAL SHOULD BE DISMISSED .......... 16

C. THE APPELLANTS DO NOT HAVE STANDING TO FILE THIS APPEAL. THE DEBTOR IN THE UNDERLING BANKRUPTCY CASE IS LORECE WRIGHT. ANTHONY WRIGHT IS NOT A DEBTOR IN THE UNDERLYING BANKRUPTCY CASE, ANTHONY WRIGHT IS NOT AN OWNER OF THE REAL PROPERTY THAT WAS SUBJECT TO THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY THE WILSON APPELLEES. ONLY PERSONS DIRECTLY AND ADVERSELY

AFFECTED PECUNIARILY BY AN ORDER OF THE BANKRUPTCY COURT HAVE STANDING TO APPEAL THE ORDER. .......... 20

D. THERE WAS ADEQUATE NOTICE GIVEN FOR THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY THE WILSON APPELLEES. .......... 23

III. CONCLUSION .......... 24

PROOF OF SERVICE .......... 26

SERVICE LIST .......... 28

# TABLE OF AUTHORITIES

**Cases:**

*Accord Turner v. Cook*
362 F.3d 1219, 1225-26 (9th Cir. 2004) .................... 22

*BRODERS v. LAGE*, 25 F.2d 288, 289 (8th Cir. 1928) .................... 19

*CATALANO v. CIR.* (9 Cir. 2002) 279 F3d 682,685 .................... 15

*CITY OF DESERT HOT SPRINGS*, 339 F3d 782, 788 (9th Cir. 2003) .................... 16

*Detrick v. Panalpina, Inc.* 108 F.3d 529, 535 (4th Cir. 1997) .................... 22

Elk Grove Unified Sch. Dist. v. Newdow .................... 22
(2004) 542 US 1, 15-18, 124 S Cr 2301, 159 L Ed2d 98

In re *BONHAM*, 229 F3d 750, 761 (9th Cir. 2001)] .................... 17

In re *CENTURY CENTRE PARTNERS Ltd.*,
969 F.2d 813, 838 (9th Cir. 1993) .................... 18

In re *FONDILLER*, 707 F.2nd 441, 443 (9TH Cir. 1983) .................... 20

In re *JENSON* 980 F.2nd 1254, 1257-1258 (9th Cir. 1992) .................... 16

In re *KREISEL* (Cir.8 2008) 399 BR 679,687 .................... 15

In re *LAZAR*, 237 F3d 967, 985 (9th Cir. 2001) .................... 17

In re *LYONS*, 995 F2d 923, 924 (9th Cir. 1993) .................... 17

In re *P.R.T.C., INC.* 177 F.3d 774,780 (9th Cir. 1999) .................... 16

In re *P.R.T.C. Inc.* 177 F.3d 774,777 (9th Cir. 1999) .................... 20

In re *PALMDALE HILLS PROPERTY, LLC* .................... 20
654 F.3d 868, 874 (9TH Cir. 2011)

In re *ROSSON,* 545 F3d 764, 769 (9th Cir. 2008) ........................................ 17, 18

In re *SECO LOCAL DEVELOPMENT CORP.* ................................................ 18
(1st Cir.) 722 F.2d 441, 443-446

In re *UNITED INS. Mgmt.,* 14 F.3d 1380, 1384 (9th Cir. 1994)........................ 18

In re *WIERSMA,* 483 F3d 933, 939 (9th Cir. 2007) ............................................ 17

In re *VYLENE ENTERPRISES, Inc.,*
968 F2d 887, 897 (9th Cir. 1992) ......................................................................... 17

*Kane v. National Union Fire Ins., Co.*
535 F. 3d. 380, 385 (5th Cir. 2008) (per curiam) ................................................ 22

Lujan v. Defendants of Wildlife (1992)
504 US 555, 560, 112 S Ct 2130, 119 L ed2d 351 .............................................. 21

*Moses v. Howard University Hospital*
(D.C. Cir.2010) 606 F.3d 789, 795 ........................................................................ 22

Parker v. Wendy's Int'l, Inc.
(11 Cir. 2004)] 365 F. 3d [1268,] 1272 ................................................................. 22

*Pizza of Hawaii, Inc.,* 761F 2nd 1374, 1377(9th Cir. 1985) ................................ 15

*PREBLICH V. BATTLEY,* 181 F.3d 1048, 1054 (9th Cir. 1999) ..................... 16

*SEARS, ROEBUCK & CO. v. MACKEY,*
351 U.S. at 434, 437-38, 76 S. Ct. at 899, 900-01 ............................................... 19

*SWIFT & CO PACKERS v. COMPANIA COLOMBIAN DEL CARIBE, S.A.*
339 U.S. 684, 689, 70 s. Ct 861, 865, 94 L. Ed 1206 (1951)............................ 18

*TEFFT, WELLER & CO. v. MUNSURI*
222 U.S. 114, 118, 32 S. Ct. 67, 69, 56 L.Ed. 118 (1911) ................................. 19

*TURNER v. COOK,* 362 F.3d 1219, 1215-1216 (9th Cir. 2004)....................... 21

United Healthcare Corp v. American Trade Ins. Co. (8th Cir 1996) 88 F3d 563, 569 .......... 21

United States v. City & Country of San Francisco (9th Cir 1992) 979 F2d 169, 171 .......... 21

Whelan v. Abell (DC Cir1992) 953 F2d 663,672,293, U.S. App. D.C. 267, cert. denied sub nom. Toomey v. Whelan, 506 US 906 (1992) .......... 22

**Codes:**

FRCP 54 (b) .......... 14

FRCP 17 (a) .......... 21

11 U.S.C. 554(a), (b) .......... 15

28 U.S.C. 158 (d)(1) .......... 16, 18

FRBP 7056 .......... 23

FRBP 8002(a) .......... 13

## SCOPE OF APPELLEES RESPONSE

In the Appeal of Lorece Wright and her son Anthony Wright brought pursuant to Case No. 2:11-CV-10267-CAS, the Wilson Appellees are not a party to that Appeal and therefore make no response in that Appeal.

The Wilson Appellees, will direct their entire response in opposition to the Appeal taken in Case No. 2:11-CV-10248-CAS.

## QUESTIONS PRESENTED

**BY APPELLANTS:**

1. Trustee abandonment of Real Property
2. 11/30/2007 Chapter 11 converted to Chapter 7
3. Service of SJM add 3 days for mailing
4. Wrights abandonment by Counsel
5. Breach of a Stipulation Re: Sale of Real Property

**BY APPELLEES:**

A. Jurisdiction, Bankruptcy Court had no jurisdiction, since the Real Property was abandoned. Failure of Appellants to Oppose the MSJ. Therefore granting the MSJ was proper.

B. Notice of Appeal was not timely filed

C. No standing by Anthony Wright since he is not the Debtor

//

D. Adequate notice for Summary Judgment Motion Proof of Service 2/8/11 Hearing 3/29/11

## I. INTRODUCTION

The Opening Brief is defective. It exceeds the Notice of Appeal filed by the Appellants in re: the Entry of a Summary Judgment, entered on March 31, 2011 (Appellees' Appendix Exhibit "5"), dismissing the entire Adversary Action (Case No. 2:09-AP-01834-PC), which was brought by the Appellants against the Wilson Appellees. The Appellants violate FRAP by not referencing the record on Appeal in their brief. The Appellants did not file a Notice of Appeal in regard to the Trustees abandonment of Real Property, in 2007 and 2008 (Appellees' Appendix Exhibits "1", "2" and "3"), they did not file a Notice of Appeal in regards to the conversion of Lorece Wright's Chapter 11 Bankruptcy to a Chapter 7, entered November 30, 2007 (Appellees' Appendix Exhibit "7"). The Appellants did not file an Appeal in regards to Appellants claims that they were abandoned by Counsel, and Appellants did not file a Notice of Appeal in regards to a breach of an agreement per stipulation, for the sale of Real Property. The only issue in regards to this Notice of Appeal is the entry of a Summary Judgment on March 31, 2011, in favor of the Wilson Appellees, and against the Appellants.

The ramblings in the Opening Brief present a difficult task to figure out the issues the Appellants are attempting to raise, in contesting the entry of the Summary Judgment, that was entered on March 31, 2011 in favor of the Wilson Appellees. The Appellants at the time of the Motion For Summary Judgment (MSJ) were represented by two attorneys i.e. Kelly S. Johnson Esq., and James Andrew Hines Jr. Esq.. The MSJ was served on February 8, 2011, and the Hearing was held on March 29, 2011. The Summary Judgment was entered on March 31, 2011 (Appellees' Appendix Exhibit "5"). The Notice of Appeal from the entry of the Summary Judgment was not filed, until December 7, 2011 in the Bankruptcy Court and filed in the District Court on December 12, 2011 (Appellees' Appendix Exhibit "6").

In addition, Appellant Anthony Wright admits and the record reflects that he is not a Debtor, in the Lorece Wright's Bankruptcy, and it is also clear from the record and the Appellants Opening Brief, that the Real Property which is the subject of the Adversary Action was abandoned by the Chapter 7 Trustee in 2007 and 2008. (Appellees' Appendix Exhibits "1", "2", and "3").

A substantial part of the Opening Brief, if not all of it, is incoherent in regards to the Notice of Appeal from the Summary Judgment, entered on March 31, 2011.

//

The Appellants had 10 days from the date of Entry of the Summary Judgment to file their Notice of Appeal, pursuant to FRBP 8002(a). The Appellants failed to do so, in this Action, and actually waited to December 7, 2011 to file their Notice of Appeal, which was in excess of 8 months after the Summary Judgment was entered, on March 31, 2011. The filing of the Notice of Appeal in this Action is not timely.

The Appellants will attempt to argue FRCP 54(b) (finalty requirement). However FRCP 54(b) in regard to Federal Bankruptcy Law and Appellate Bankruptcy Jurisdiction is not the same as for a non-bankruptcy case. Bankruptcy cases are required to be immediately appealed, if they finally dispose of discreet disputes within the larger case. The Courts have concluded that a Bankruptcy Court Order ending a separate adversary proceeding is appealable as a Final Order, even though that Order does not conclude the entire bankruptcy case. A bankruptcy proceeding is over, when an Order has been entered, that ends a discrete judicial unit in the larger case. When the Summary Judgment was entered on March 31, 2011, the Adversary proceeding between the Appellant and the Wilson Appellees was defiantly resolved. It was then that the litigation in the Bankruptcy Court was at an end concerning the Appellants and the Wilson Appellees. At that moment, the Summary Judgment was final and hence Appealable. The Appellants had 10 days from March 31, 2011 to file their Notice of Appeal, which they did not do.

## II.
## ARGUMENT

**A. THIS COURT LACKS JURISDICTION TO HEAR THE APPEAL SINCE THE BANKRUPTCY COURT LOST JURISDICTION AS A RESULT OF THE TRUSTEE ABANDONING THE REAL PROPERTY ASSETS OF THE ESTATE IN 2007 AND 2008.**

The issue of Appellate jurisdiction must always be resolved before the merits of an Appeal, are examine or addressed. In re *Pizza of Hawaii, Inc.,* 761F 2nd 1374, 1377(9th Cir. 1985). Jurisdiction is never to be assumed and in every case, jurisdiction must exist by way of some affirmative source.

Property originally included in the Bankruptcy Estate may be abandoned as provided by the code and thus excluded from the Estate. See 11 USC § 554(a),(b). Upon abandonment, the property reverted to the party holding the possessory interest. It is treated as if no bankruptcy petition was filed. The Bankruptcy Court no longer has jurisdiction over the abandoned property. See In re *KREISEL* (Cir.8 2008) 399 BR 679,687; *CATALANO V. CIR.* (9 Cir. 2002) 279 F3d 682,685. Once the property was abandoned, the Appellants had the burden to file a timely Notice of Appeal from the abandonment of the property in 2007 AND 2008 and they did not. Since the Real Property was no longer an asset of the Estate, the Bankruptcy Court no longer had jurisdiction over the abandoned Real Property.

An Appeal at this time does not bring before the Court prior Appealable Orders. A party must seek timely review of an Appealable Order when it is

entered, otherwise, review by Appeal is bared. (In re *JENSON* 980 F.2nd 1254, 1257-1258 (9th Cir. 1992); *PREBLICH V. BATTLEY*, 181 F.3d 1048, 1054 (9th Cir. 1999) The Bankruptcy Courts Orders disposing of the estate assets generally are final and are immediately appealable. In re *P.R.T.C., INC.* 177 F.3d 774, 780 (9th Cir. 1999). The Courts Orders abandoning the Real Property were filed on 11/29/2007, 12/12 2007 and 3/13/2008 (Appellees' Appendix Exhibits "1", "2" and "3"). Since the Orders abandoning the Real Property were never Appealed, they become final and the Bankruptcy Court no longer had jurisdiction over the Real Property. Therefore the Federal District Court does not have jurisdiction to rule on the Appeal, since its jurisdiction cannot exceed that of the Bankruptcy Court.

**B. THE NOTICE OF APPEAL FROM THE SUMMARY JUDGMENT ENTERED ON MARCH 31, 2011 IS NOT TIMELY AND THEREFORE THIS APPEAL SHOULD BE DISMISSED.**

Section 158(d)(1) "finality" requirement: Generally, "final" orders of the District Court and BAP in bankruptcy proceedings are appealable as of right. [28 U.S.C. § 158(d)(1); in re *CITY OF DESERT HOT SPRINGS*, 339 F3d 782, 788 (9th Cir. 2003)].

However "finality for § 158(d)(1) purposes is not tested by the traditional standards governing finality in non-bankruptcy matters, and understanding of the "finality" rules for bankruptcy cases is critical to the appellate process, as it

will define whether an adverse ruling is immediately appealable. Failure to seek immediate review of an appealable decision may forever bar review.

**Basic test:** to be considered "final," a decision by the district Court or BAP that does not terminate the proceedings must (i) seriously affect substantive rights; and (ii) finally determine the discrete issue to which it is addressed. [In re WIERSMA, 483 F3d 933, 939 (9th Cir. 2007); In re LAZAR, 237 F3d 967, 985 (9th Cir. 2001).

**Impairment of property rights:** A predominant consideration in the analysis of § 158(d)(1) finality is whether the district court or BAP order at issue impairs property rights. Orders that cause irreparable harm to property rights are almost always appealable; orders that do not seldom are. [in re LYONS, 995 F2d 923, 924 (9th Cir. 1993) appeal allowed because of possible irreparable harm; In re VYLENE ENTERPRISES, Inc., 968 F2d 887, 897 (9th Cir. 1992) appeal dismissed where irreparable harm not imminent]

**Test:** A Bankruptcy Court order is final and appealable where it:

- Resolves and seriously affects substantive rights; and
- Finally determines the discrete issue to which it is addressed. [In re ROSSON, 545 F3d 764, 769 (9th Cir. 2008); In re BONHAM, 229 F3d 750, 761 (9th Cir. 2001)]

//

A Bankruptcy Court order granting Partial Summary Judgment is final if it resolves issues entirely distinct from the remaining case. [In re CENTURY CENTRE PARTNERS Ltd., 969 F.2d 813, 838 (9th Cir. 1993); In re UNITED INS. Mgmt., 14 F.3d 1380, 1384 (9th Cir. 1994) partial Summary Judgment disposed.

Bankruptcy Court orders disposing of estate assets generally are final and thus immediately appealable. [In re P.R.T.C., Inc., 177 F.3d 774, 780 (9th Cir. 1999).

An order converting a case to Chapter 7 is final and appealable. [In re ROSSON, 545 F3d 764, 770 (9th Cir. 2008)

In re SECO LOCAL DEVELOPMENT CORP. (1st Cir.) 722 F.2d 441, 443-446.

"Although Congress has defined appellate bankruptcy jurisdiction in terms ("final judgment, order, or decree") similar to those appearing in other jurisdictional statutes. See e.g. 28 U.S.C. §§ 1257, 1291, the history of prior Federal Bankruptcy Law and the 1978 Act convinces us that Congress did not intend the word "final" here to have the same meaning, at least not with respect to the application of the traditional "single judicial unit" rule. We note first that departures from that rule are not without precedent. Congress and the Courts have recognized in other contexts that complex multi-party litigation may involve many discrete controversies, each of which may stand sufficiently apart from the rest of the litigation to warrant treating an order which resolves it as "final" and appealable."

SWIFT & CO PACKERS v. COMPANIA COLOMBIAN DEL CARIBE, S.A. 339 U.S. 684, 689, 70 s. Ct 861, 865, 94 L. Ed 1206 (1951) (Frankfurter, J.) ("claims fairly severable from the context of a larger litigious process")

Thus, Rule 54(b) of the Federal Rules of Civil Procedure modified the "single judicial unit" rule in civil proceedings generally by allowing a district Court to enter an appealable final order "as to one or more but fewer than all of the claims or parties" in a multi-claim or multi-party suit. See SEARS, ROEBUCK & CO. v. MACKEY, 351 U.S. at 434, 437-38, 76 S. Ct. at 899, 900-01.

More significantly for present purposes, Congress has long provided that orders in bankruptcy cases may be immediately appealed, if they finally dispose of discrete disputes within the larger case and in particular, it has long provided that orders finally settling creditors' claims are separately appealable. As a result any dispute between a bankruptcy debtor and his creditors over a claim or priority was a separate "proceeding," and an order settling such a dispute was appealable. See, e.g. TEFFT, WELLER & CO. v. MUNSURI 222 U.S. 114, 118, 32 S. Ct. 67, 69, 56 L.Ed. 118 (1911); BRODERS v. LAGE, 25 F.2d 288, 289 (8th Cir. 1928).

In the present case the Appellants had ten (10) days from the date the Summary Judgment was entered on March 31, 2011 to file their Notice of Appeal. They failed to do so. The Appellants' Appeal from the Summary Judgment in favor of the Wilson Appellees is not timely. The Appeal should therefore be dismissed.

**C. <u>THE APPELLANTS DO NOT HAVE STANDING TO FILE THIS APPEAL. THE DEBTOR IN THE UNDERLING BANKRUPTCY CASE IS LORECE WRIGHT. ANTHONY WRIGHT IS NOT A DEBTOR IN THE UNDERLYING BANKRUPTCY CASE, ANTHONY WRIGHT IS NOT AN OWNER OF THE REAL PROPERTY THAT WAS SUBJECT TO THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY THE WILSON APPELLEES. ONLY PERSONS DIRECTLY AND ADVERSELY AFFECTED PECUNIARILY BY AN ORDER OF THE BANKRUPTCY COURT HAVE STANDING TO APPEAL THE ORDER</u>.**

The Appellants do not have standing, if the order in question does not diminish the appellants property, increase the appellants burdens or detrimentally affect appellants rights, the appeal must be dismissed. see In re <u>*FONDILLER,*</u> 707 F.2nd 441, 443 (9TH Cir. 1983); In re <u>*PALMDALE HILLS PROPERTY, LLC*</u> 654 F.3d 868, 874 (9TH Cir. 2011) and In re <u>*P.R.T.C. Inc.*</u> 177 F.3d 774,777 (9th Cir. 1999).

Anthony Wright had no pecuniary interest in the Real Properties. Even in the Appellants Opening Brief, he acknowledges that the Bankruptcy was filed solely by Lorece Wright, which was subsequently converted from a Chapter 11 to a Chapter 7 Bankruptcy in November of 2007 (Appellees' Appendix Exhibit "7"). Anthony Wright has no standing to file this Appeal. In addition, Lorece Wright has no standing to file the Appeal based on the fact that all of the Causes of Action in the Adversary Proceedings belonged to the Trustee in the Bankruptcy Court. When a Debtor files for bankruptcy, all legal and equitable interest in the debtors' property becomes property of the bankruptcy estate and is represented by the Bankruptcy Trustee. Thus, the debtor is no longer a real

party in interest, in the Bankruptcy proceeding and has no standing to appeal. See *TURNER v. COOK*, 362 F.3d 1219, 1215-1216 (9th Cir. 2004).

To qualify as a plaintiff with standing to litigate, a person must show, first and foremost, an invasion of a legally protected interest, that is "concrete and particularized" and "actual or imminent". Lujan v. Defendants of Wildlife (1992) 504 US 555, 560, 112 S Ct 2130, 119 L ed2d 351. Actions must be prosecuted in the name of the real party in interest. Fed R Civ P 17(a). This means that the only persons who may assert claims in federal court actions are the legal owners of the claims asserted. See, e.g., United Healthcare Corp v. American Trade Ins. Co. (8th Cir 1996) 88 F3d 563, 569 ("rule requires that the party who brings an action actually posses, under the substantive law, the right sought to be enforced").

The general standing requirements for persons asserting claims in federal courts is established by the "case and controversy" requirements of the United States Constitution. See U.S. Const, art III, §2. Article III standing requires that the plaintiffs have a personal stake in the litigation-that is, the Plaintiff must have suffered some real or substantial injury. See, e.g. United States v. City & Country of San Francisco (9th Cir 1992) 979 F2d 169, 171.

The real-party-in-interest requirement addresses the same basic concern as the Article III standing requirements, requiring that the Plaintiff have a personal stake in the controversy. In addition, the real-party-in-interest requirement

requires a legal entitlement to assert the claim in question. See, e.g. Elk Grove Unified Sch. Dist. v. Newdow (2004) 542 US 1, 15-18, 124 S Cr 2301, 159 L Ed2d 98 (non-custodial father barred under state law from suing as child's friend lacked standing to challenge school board policy); Whelan v. Abell (DC Cir1992) 953 F2d 663,672,293, U.S. App. D.C. 267, cert. denied sub nom. Toomey v. Whelan, 506 US 906 (1992).

In the context of the Bankruptcy proceedings, it is well understood that a Trustee, as the representative of the Bankruptcy Estate, is the real party in interest, and is the only party with standing to prosecute Causes of Action belonging to the estate, once the Bankruptcy petition has been filed. see *Kane v. National Union Fire Ins., Co*. 535 F. 3d. 380, 385 (5th Cir. 2008) (per curiam). The commencement of a Chapter 7 Bankruptcy extinguishes a Debtor's legal rights and interest in any pending litigation, and transfers those rights to the Trustee, acting on behalf of the Bankruptcy Estate. *See* 11 U.S.C. §541(a)(1(indicating that a Bankruptcy Estate includes "all legal or equitable interest of the debtor in property"); *id/* § 323 (establishing the Bankruptcy Trustee as the "representative" of the Estate with the "capacity to sue and be sued" on its behalf) (Parker v. Wendy's Int'l, Inc. (11 Cir. 2004)] 365 F. 3d [1268,] 1272; *accord Turner v. Cook,* 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Detrick v. Panalpina, Inc.* 108 F.3d 529, 535 (4th Cir. 1997) (*Moses v. Howard University Hospital* (D.C. Cir.2010) 606 F.3d 789, 795, italics added.)

In the instant action neither Lorece Wright nor Anthony Wright had standing to bring any action against the Wilson Appellees. As such, they do not have any standing to file this Appeal.

## D. THERE WAS ADEQUATE NOTICE GIVEN FOR THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY THE WILSON APPELLEES.

The Motion For Summary Judgment filed by the Wilson Appellees was served on February 8, 2011 (Appellees Appendix Exhibit "4"). The date of the Hearing was set for March 29, 2011. The procedures followed for the Motion For Summary Judgment are brought under FRBP 7056, which required that the Motion must be served and filed not later than 36 days before the date of the Hearing on the Motion. Even taking into account the Appellants argument that there is an additional 3 day requirement for mailing (making the Notice period 39 days), the Notice period in this action was more than sufficient. The actual time that was given in the Instant Action was 49 days, since the total requirement pursuant to the Bankruptcy Rules only require a maximum of 36 plus 3 days the Notice given in the Instant Action was in excess of 10 days greater, than what was required. Appellants argument that there is a failure of proper notice given for the Motion For Summary Judgment is specious and without foundation.

In addition, even after the Summary Judgment was entered, the Appellants failed to bring any Motion For Reconsideration and they also failed

to file their Notice of Appeal within 10 days from the entry of the Summary Judgment, as required by FRBP 8002(a). The Appellants therefore waive their rights to contest the granting of the Motion For Summary Judgment.

## III. CONCLUSION

As a result of the abandonment Orders issued in the Bankruptcy Court for the Real Property, the Bankruptcy Court no longer maintained jurisdiction over the Real Property that was abandoned and likewise this Court does not have Jurisdiction to hear the Appeal that has been brought by the Appellants. In addition, the Appellants have failed to file a timely Notice of Appeal, and therefore waived their rights to Appeal, not only on the Motion For Summary Judgment but they also waived their rights to appeal the conversion of the Chapter 11 to a Chapter 7 proceeding and they have waived their rights to appeal the abandonment of the Real Property. Each Order was discreet, and concerned the disposition of substantial property rights of the Debtor and as such the Debtor was required to file her Notice of Appeal within 10 days from the time of the issuance of each Order, since each Order was final, as to the discreet issue involving the substantial property rights of the Debtor, at the time it was issued.

In addition, the Appellants were represented by two attorneys in the Bankruptcy Adversary proceedings who were well versed in their legal rights to

oppose the Motion For Summary Judgment, and knew when to timely file the Notices of Appeal, in regards to final Orders and Judgments issued in the Bankruptcy proceedings. They failed to file timely appeals from each order and from the Summary Judgment enter on March 31,2011. Therefore Appellants have no right to continue this Appeal, since they had waived their rights. In addition the Court has no jurisdiction to rule on this Appeal.

THEREFORE IT IS RESPECTFULLY REQUESTED that the Appeal be dismissed.

DATED: October 24, 2012 LAW OFFICES OF PETER F. MUSIELSKI

PETER F. MUSIELSKI, Attorney for Appellees, Les Wilson an individual, and Trustee of the Wilson Family Trust, Michelle Wilson an individual and Trustee of the Wilson Family Trust, LDW Investment I LP, MRA Funding Inc., Quickfix Investment LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA )**
**COUNTY OF ORANGE )**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1801 Parkcourt Place, Building I, Suite 104, Santa Ana, CA 92701.

On October 24, 2012, I served the within document(s) described as APPELLEES' BRIEF **[C.C.P. § 2031]** on all the interested parties in this action by placing a true copy OR the original thereof, in a sealed envelope, addressed as stated on the ATTACHED SERVICE LIST.

(X) **[BY MAIL]**

( ) STATE- **C.C.P.§ 1013a(3))**: I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) FEDERAL – I deposited such envelope in the U.S. Mail at Santa Ana, California, with postage thereon fully paid.

( ) **[BY FACSIMILE]** On _________________, I caused all of the pages (consisting of _____ pages) of the above-entitled document to be sent to the recipients(s) noted above via facsimile, to the respective facsimile numbers indicated above, pursuant to California Rule of Court 2009. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

( ) **BY CERTIFIED MAIL** as follows: I am "readily familiar" with practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United

States Mail, Return Receipt Requested, on the above date according to ordinary business practice.

( ) **STATE** I declare under penalty of perjury under the Laws of the State of California that the above is true and correct.

(X) **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on October 24, 2012, at Santa Ana, California.

Crystal Valenti, Secretary

# SERVICE LIST

Peter Anderson
OFFICE OF THE U.S. TRUSTEE
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

Judge Christina A. Snyder
U.S. DISTRICT COURT
312 North Spring Street
Chambers Courtroom No.: 5 - 2nd Floor
Los Angeles, CA 90012-4701

| | |
|---|---|
| Jennifer J. Maas, Esq.<br>WOLFE & WYMAN, LP<br>5 Park Plaza, Suite 1100<br>Irvine, CA 92614-5979 | Attorney for Defendant,<br>BAYVIEW LOAN<br>SERVICING, LLC |
| Lorece Wright<br>106 ½ Judge John Aiso #209<br>Los Angeles, CA 90012 | Appellant/Debtor |
| Anthony Wright<br>106 ½ Judge John Aiso #209<br>Los Angeles, CA 90012 | Appellant/Debtor |